NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRANDYN WILLIAM GAYLER,

        Plaintiff-Appellant,

  v.

STATE OF NEVADA; B. SANDOVAL;
JAMES DZURENDA; COX; B.
WILLIAMS; NEVENS; J. HOWELL; D.
WILSON; STROUD; J. NASH; BARTH;
HESSLER; ESTILLE; J. GARCIA;
FRENCH; SEMA; RULAN; AUGUSTINE;
MARTIN; NORMAN; FLORES;
LINFORD; PROVOCIAL; B. YEATES;
GREGORY COX; DWIGHT NEVENS;
BRIAN WILLIAMS, Warden; JERRY
HOWELL, Warden; DUANE WILSON,

        Defendants-Appellees.

No. 21-17028

D.C. No. 2:17-cv-00431-JCM-VCF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 14, 2023**

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nevada state prisoner Brandyn William Gayler appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference and other constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants Brian Williams, Dwane Wilson, Jennifer Nash, and Jerry Howell on Gayler's deliberate indifference claim because Gayler failed to raise a genuine dispute of material fact as to whether these defendants were personally involved in any constitutional violations or engaged in any wrongful acts causally connected to any constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)). The generalized information in Gayler's grievances was insufficient to make defendants aware of any intentional tampering with his food. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be held liable for deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**